UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEZAKIA ROUSE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RONALD HAYES ABERNATHY,<br><br>　　　　Defendant. | Case No.  21-cv-05708-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 7 |

Upon review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court determined that it did not contain a short and plain statement of the claim and the grounds upon which it rests, as required by Federal Rule of Civil Procedure 8.  (Dkt. Nos. 1, 5.)  The Court gave Plaintiff the opportunity to amend the complaint, and now reviews the amended complaint pursuant to 28 U.S.C. § 1915.  (Dkt. No. 7.)

**COMPLAINT ALLEGATIONS**

Plaintiff was convicted of a crime in California in 2013.  Defendant is the chief public defender for Napa County, who represented Plaintiff.  Plaintiff alleges that Defendant knowingly refused to file a first appeal of Plaintiff's conviction on Plaintiff's request.  He also alleges that Defendant improperly represented him in extradition hearings by refusing to send out Plaintiff's legal mail, which included letters to the Governor challenging his extradition.  Defendant "knew [P]laintiff was suing the Jail for deliberate indifference to a serious medical need . . . and conspired with jail administrators to protect their 'county teammate' by attempting to thwart [Plaintiff's] mail service."  (Dkt. No. 7 at 7 (emphasis omitted).)  As a result, Plaintiff was extradited to New Mexico and incarcerated until a post-conviction motion to amend sentencing order was granted.  Plaintiff alleges that, although he was guilty of committing the crimes that led

to the extradition, "the New Mexico courts recognized that they had already sentenced him incorrectly and had to reissue a new sentencing order that actually released [Plaintiff] because [he] had already completed the time [Defendant] allowed for him to be extradited back on." (*Id.* at 8 (emphasis omitted).)

Plaintiff sues Defendant in his official capacity under 42 U.S.C. § 1983, alleging deprivation of his constitutional rights. He identifies claims for ineffective assistance of counsel; equal protection and due process under the Fourteenth Amendment; and "legal malpractice leading to double jeopardy." (*Id.* at 4, 7.) Plaintiff requests relief in the form of a ruling that he had a right to have his first appeal filed, and a ruling that Defendant should have preserved Plaintiff's right to contact the Governor. (*Id.* at 5.) The amended complaint does not seek monetary relief or damages. (*See* Dkt. No. 10.)

## LEGAL STANDARD

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93

1  (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's
2  rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-
3  00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v.*
4  *United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

5  Plaintiff is proceeding without representation by a lawyer. While the Court must construe
6  the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to
7  the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).
8  Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this
9  District. *See* N.D. Cal. Civ. L.R. 3-9(a).

## DISCUSSION

### I. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a public defender typically does not act under color of state law when providing representation, intentional misconduct can bring a public defender's actions under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–19 (1981); *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981); *see Tower v. Glover*, 467 U.S. 914, 923 (1984).

Plaintiff's amended complaint alleges intentional misconduct by Defendant, specifically refusing to file an appeal and preventing Plaintiff from challenging his extradition, in concert with state officials. *See Glover v. Tower*, 700 F.2d 556, 557–58 & n.1 (9th Cir. 1983), *aff'd*, 467 U.S. 914 (1984) (alleging that public defenders intentionally failed to obtain evidence for a defense; conspired with judge to deny plaintiff's motions for new counsel and new trial; conspired with appellate court to refuse to allow plaintiff to represent himself on appeal; and conspired with appellate judge to affirm conviction). These allegations plausibly support an inference of intentional misconduct that brings Defendant's actions under color of state law. *See Iqbal*, 556 U.S. at 678.

The amended complaint seeks only declaratory relief: a ruling that Plaintiff had a right to

3

1  have his first appeal filed and that Defendant should have preserved Plaintiff's right to contact the
2  Governor.  (Dkt. No. 7 at 5.)  The *Heck* doctrine bars Section 1983 suits for declaratory relief if
3  success would necessarily imply that the plaintiff's criminal conviction or punishment was invalid,
4  unless the plaintiff can show that the conviction was invalidated by law.  *Whitaker v. Garcetti*, 486
5  F.3d 572, 583–85 (9th Cir. 2007).  Plaintiff's Section 1983 claim and requested relief do not
6  *necessarily* imply the invalidity of his criminal conviction.  *See Heck v. Humphrey*, 512 U.S. 477,
7  482–83 (1994) (explaining that "a § 1983 claim for using the wrong procedures, not for reaching
8  the wrong result . . . did not call into question the lawfulness of the plaintiff's continuing
9  confinement"); *cf. Edwards v. Balisok*, 520 U.S. 641, 644–48 (1997) (claim that disciplinary
10 hearing officer was biased and denied plaintiff the opportunity to present exculpatory evidence
11 would necessarily imply the invalidity of disciplinary decision); *Whitaker*, 486 F.3d at 584 (claim
12 of illegal search and seizure of evidence would necessarily imply the invalidity of conviction
13 based on that evidence).  Without the benefit of full briefing from the parties, the Court cannot
14 conclude whether *Heck*—or any other legal doctrine—bars Plaintiff's Section 1983 claim.
15 Accordingly, at this early stage it passes Section 1915 review.

## II. Legal Malpractice

17 Plaintiff's amended complaint also asserts a claim for legal malpractice.  To state a claim
18 for criminal legal malpractice under California law, Plaintiff must allege: (1) that Defendant had
19 "a duty to use such skill, prudence and diligence as members of the profession commonly
20 possess"; (2) that Defendant breached the duty; (3) a proximate causal connection between the
21 breach and Plaintiff's injury; (4) actual loss or damage; and (5) actual innocence.  *Wiley v. Cnty. of*
22 *San Diego*, 966 P.2d 983, 985 (Cal. 1998).
23 The amended complaint alleges that Plaintiff was extradited to New Mexico and
24 incarcerated until a post-conviction motion to amend sentencing order was granted.  It alleges that,
25 although Plaintiff was guilty of the crimes that led to the extradition, "the New Mexico courts
26 recognized that they had already sentenced him incorrectly and had to reissue a new sentencing
27 order that actually released [Plaintiff] because [he] had already completed the time [Defendant]
28 allowed for him to be extradited back on."  (Dkt. No. 7 at 8 (emphasis omitted).)  Thus, Plaintiff's

claim for legal malpractice challenges Defendant's conduct in relation to Plaintiff's extradition to New Mexico, not Defendant's representation of Plaintiff on the California charge of which he was convicted.

Nevertheless, Plaintiff must adequately allege the fifth element of criminal legal malpractice, actual innocence. *See Coscia v. McKenna & Cuneo*, 25 P.3d 670, 673 (Cal. 2001) ("The fact that nonnegligent counsel could have done better may warrant postconviction relief, but it does not translate into civil damages, which are intended to make the plaintiff whole. Only an innocent person wrongly convicted due to inadequate representation has suffered a compensable injury because in that situation the nexus between the malpractice and palpable harm is sufficient to warrant a civil action, however inadequate, to redress the loss." (cleaned up)). The amended complaint does not allege that Plaintiff has been found actually innocent by process of law. *See id.* at 673–74. Accordingly, the legal malpractice claim does not comply with Rule 8.

## CONCLUSION

For the reasons explained above, Plaintiff's Section 1983 claim is sufficient under 28 U.S.C. § 1915, but his legal malpractice claim is not. The Court's ruling is without prejudice to Defendant moving to dismiss the Section 1983 claim should he decide to do so.

- If Plaintiff wishes to proceed with the legal malpractice claim, he must file a Second Amended Complaint on or before **February 14, 2022** that includes allegations to further support the claim. The Court will review the Second Amended Complaint pursuant to 28 U.S.C. § 1915.
- If Plaintiff does not wish to proceed with the legal malpractice claim, he shall file a Second Amended Complaint on or before **February 14, 2022** that eliminates the legal malpractice claim. The Court will order service on Defendant.

Plaintiff is informed that the Court cannot refer to prior pleadings to make an amended complaint complete. The amended complaint must be complete in itself because it replaces the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, the Second Amended Complaint should contain all the defendants, claims, and specific factual allegations that Plaintiff wishes to put before the Court. Finally, Plaintiff is

5

warned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or any court order could result in a report and recommendation that his complaint be dismissed. Similarly, failure to file a Second Amended Complaint that cures the above-identified deficiencies could also lead to a report and recommendation that his complaint be dismissed.

The Court encourages Plaintiff to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102. Plaintiff should make a telephone appointment by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: January 13, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge