UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEZAKIA ROUSE,<br><br>   Plaintiff,<br><br>   v.<br><br>RONALD HAYES ABERNATHY,<br><br>   Defendant. | Case No. 21-cv-05708-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 12 |

Upon review of Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915, the Court determined that Plaintiff's Section 1983 claim was sufficient but his legal malpractice claim did not contain a short and plain statement of the claim and the grounds upon which it rests, as required by Federal Rule of Civil Procedure 8. (Dkt. No. 11; *see* Dkt. No. 7.) The Court directed Plaintiff to file a Second Amended Complaint that either: (1) includes allegations to further support the legal malpractice claim, if he wishes to proceed with the claim, or (2) eliminates the legal malpractice claim. (Dkt. No. 11 at 5.)

Plaintiff filed an "amendment of legal malpractice claim." (Dkt. No. 12 at 1.) The Court will construe this as an addendum to the First Amended Complaint, (Dkt. No. 7), and consider the two together as Plaintiff's Second Amended Complaint, (Dkt. No. 7 at 1–10; Dkt. No. 12 at 1–6). *See Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984) (explaining that pleadings by parties proceeding without a lawyer should be construed liberally).

**COMPLAINT ALLEGATIONS**

Plaintiff was convicted of a crime in California in 2013. Defendant is the chief public defender for Napa County, who represented Plaintiff. Plaintiff alleges that Defendant knowingly refused to file a first appeal of Plaintiff's conviction on Plaintiff's request. He also alleges that

1  Defendant improperly represented him in extradition hearings by refusing to send out Plaintiff's
2  legal mail, which included letters to the Governor challenging his extradition.  Defendant "knew
3  [P]laintiff was suing the Jail for deliberate indifference to a serious medical need . . . and
4  conspired with jail administrators to protect their 'county teammate' by attempting to thwart
5  [Plaintiff's] mail service."  (Dkt. No. 7 at 7 (emphasis omitted).)  As a result, Plaintiff was
6  extradited to New Mexico and incarcerated until a post-conviction motion to amend sentencing
7  order was granted.  Plaintiff alleges that, although he was guilty of committing the crimes that led
8  to the extradition, he had already completed the full sentence for those crimes.  Thus, his
9  incarceration for nearly two years after being extradited to New Mexico was unlawful.  (*See id.* at
10  8; Dkt. No. 12 at 1–2.)

Plaintiff sues Defendant in his official capacity under 42 U.S.C. § 1983, alleging deprivation of his constitutional rights.  He identifies claims for ineffective assistance of counsel; equal protection and due process under the Fourteenth Amendment; and "legal malpractice leading to double jeopardy."  (Dkt. No. 7 at 4, 7; *see* Dkt. No. 12 at 1–2.)  Plaintiff requests relief in the form of a ruling that he had a right to have his first appeal filed, and a ruling that Defendant should have preserved Plaintiff's right to contact the Governor.  (Dkt. No. 7 at 5; Dkt. No. 12 at 2.)  The Second Amended Complaint does not seek monetary relief or damages.  (*See* Dkt. No. 10.)

**LEGAL STANDARD**

A court must dismiss an in forma pauperis complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face.  28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6) regarding dismissals for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000).  The complaint therefore must allege facts that plausibly establish each defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the

United States District Court
Northern District of California

complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Plaintiff is proceeding without representation by a lawyer. While the Court must construe the complaint liberally, *see Garaux*, 739 F.2d at 439, it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

## DISCUSSION

### I.   Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a public defender typically does not act under color of state law when providing representation, intentional misconduct can bring a public defender's actions under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 317–19 (1981); *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981); *see Tower v. Glover*, 467 U.S. 914, 923 (1984).

Plaintiff's Second Amended Complaint alleges intentional misconduct by Defendant, specifically refusing to file an appeal and preventing Plaintiff from challenging his extradition, in concert with state officials. *See Glover v. Tower*, 700 F.2d 556, 557–58 & n.1 (9th Cir. 1983), *aff'd*, 467 U.S. 914 (1984) (alleging that public defenders intentionally failed to obtain evidence

3

1  for a defense; conspired with judge to deny plaintiff's motions for new counsel and new trial;
2  conspired with appellate court to refuse to allow plaintiff to represent himself on appeal; and
3  conspired with appellate judge to affirm conviction). These allegations plausibly support an
4  inference of intentional misconduct that brings Defendant's actions under color of state law. *See*
5  *Iqbal*, 556 U.S. at 678.

6        The Second Amended Complaint seeks only declaratory relief: a ruling that Plaintiff had a
7  right to have his first appeal filed and that Defendant should have preserved Plaintiff's right to
8  contact the Governor. (Dkt. No. 7 at 5.) The *Heck* doctrine bars Section 1983 suits for declaratory
9  relief if success would necessarily imply that the plaintiff's criminal conviction or punishment was
10 invalid, unless the plaintiff can show that the conviction was invalidated by law. *Whitaker v.*
11 *Garcetti*, 486 F.3d 572, 583–85 (9th Cir. 2007). Plaintiff's Section 1983 claim and requested
12 relief do not *necessarily* imply the invalidity of his criminal conviction. *See Heck v. Humphrey*,
13 512 U.S. 477, 482–83 (1994) (explaining that a Section 1983 "claim for using the wrong
14 procedures, not for reaching the wrong result . . . did not call into question the lawfulness of the
15 plaintiff's continuing confinement"); *cf. Edwards v. Balisok*, 520 U.S. 641, 644–48 (1997) (claim
16 that disciplinary hearing officer was biased and denied plaintiff the opportunity to present
17 exculpatory evidence would necessarily imply the invalidity of disciplinary decision); *Whitaker*,
18 486 F.3d at 584 (claim of illegal search and seizure of evidence would necessarily imply the
19 invalidity of conviction based on that evidence). Without the benefit of full briefing from the
20 parties, the Court cannot conclude whether *Heck*—or any other legal doctrine—bars Plaintiff's
21 Section 1983 claim. Accordingly, at this early stage it passes Section 1915 review.

22 **II.     Legal Malpractice**
23       To state a claim for criminal legal malpractice under California law, Plaintiff must allege:
24 (1) that Defendant had "a duty to use such skill, prudence and diligence as members of the
25 profession commonly possess"; (2) that Defendant breached the duty; (3) a proximate causal
26 connection between the breach and Plaintiff's injury; (4) actual loss or damage; and (5) actual
27 innocence. *Wiley v. County of San Diego*, 966 P.2d 983, 985 (Cal. 1998); *see Coscia v. McKenna*
28 *& Cuneo*, 25 P.3d 670, 673 (Cal. 2001).

The Second Amended Complaint alleges that Plaintiff was extradited to New Mexico and incarcerated until a post-conviction motion to amend sentencing order was granted. It alleges that, although Plaintiff was guilty of committing the underlying crimes, he had already completed the full sentence in New Mexico for those crimes. Thus, he was unlawfully incarcerated for almost two years after his extradition.

These allegations are more than "naked assertion[s]," *Iqbal*, 556 U.S. at 678, and liberally construed the complaint states a cognizable claim for criminal legal malpractice, *see Wiley*, 966 P.2d at 985. The allegation that Plaintiff's incarceration was unlawful because he had already served his full sentence suffices, at this stage, for the element of "actual innocence." *Id.*; *see Khodayari v. Mashburn*, 132 Cal. Rptr. 3d 903, 909–13 (Cal. Ct. App. 2011) (explaining that actual innocence element refers not necessarily to the plaintiff's conviction, but to the specific proceeding where the plaintiff's lawyer allegedly committed malpractice). Without the benefit of full briefing from the parties, the Court cannot conclude that the legal malpractice claim is deficient as a matter of law. Accordingly, at this early stage it passes Section 1915 review.

## CONCLUSION

On or before **April 1, 2022**, Plaintiff shall file a document titled Second Amended Complaint that consists only of Docket No. 7 (pages 1–10) followed by Docket No. 12 (pages 1–6). Plaintiff should not make any changes to any part of the text of those documents. The Court will then order the U.S. Marshal to serve the Second Amended Complaint.

**IT IS SO ORDERED.**

Dated: March 18, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge