UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEZAKIA ROUSE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD HAYES ABERNATHY,<br><br>　　　　　　Defendant. | Case No. 21-cv-05708-JSC<br><br>**ORDER RE: MOTION TO COMPEL ANSWER AND MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 24, 25 |

　　　　Plaintiff moves to compel Defendant's answer. (Dkt. No. 24.) The motion is DENIED as moot because Defendant answered the Second Amended Complaint on May 2, 2022. (*See* Dkt. No. 22.)

　　　　Plaintiff moves for reconsideration of the Court's order denying without prejudice his motion for jury trial. (Dkt. No. 25; *see* Dkt. Nos. 18, 20.) The motion is DENIED as moot on that issue because a jury trial has been scheduled for October 2, 2023. (*See* Dkt. No. 28.)

　　　　Plaintiff also moves for reconsideration of the Court's order denying without prejudice his motion for injunction to prevent further harm. (Dkt. No. 25; *see* Dkt. Nos. 19, 20.) Plaintiff asserts that Napa County and City of Napa officials have retaliated against him since he first complained about corruption in 2013. Plaintiff seeks an injunction preventing Napa officials from harassing him, from executing warrants against him outside of Napa, and from surveilling him; allowing Plaintiff to travel freely; and prohibiting Napa officials from communicating with him about anything other than this case. (Dkt. No. 19 at 7–8.)

　　　　"On a motion for a preliminary injunction, plaintiffs must make a threshold showing of four factors." *E. Bay Sanctuary Covenant v. Barr*, 994 F.3d 962, 975 (9th Cir. 2020) (cleaned up). "Plaintiffs must show that (1) they are likely to succeed on the merits, (2) they are likely to suffer

irreparable harm without relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest." *Id.* (cleaned up).  Plaintiffs must make a showing on each factor. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Moreover, "[t]he elements of the preliminary injunction test must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).  A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Id.* (cleaned up).

Plaintiff has not met his burden on the four factors because he requests injunctive relief against Napa County and the City of Napa, not Defendant.  The County and City are not parties to this lawsuit.  Thus, Plaintiff is not likely to succeed on the merits against the County and City, as he has not asserted any claims against them.  Similarly, the balance of equities does not tip in Plaintiff's favor with respect to his requested injunction, as the County and City have no notice that an injunction is sought against them.  Accordingly, the Court DENIES Plaintiff's motion for reconsideration on the issue of a preliminary injunction.

This Order disposes of Docket Nos. 24 and 25.

**IT IS SO ORDERED.**

Dated: June 22, 2022

JACQUELINE SCOTT CORLEY
United States District Judge