UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEZAKIA ROUSE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RONALD HAYES ABERNETHY,<br><br>　　　　Defendant. | Case No. 21-cv-05708-JSC<br><br>**ORDER RE: PLAINTIFF'S DISCOVERY REQUESTS, PLAINTIFF'S MOTION FOR LEAVE TO AMEND, AND DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 35, 40, 44, 55, 61 |

Plaintiff brings Section 1983 claims and a legal malpractice claim against his former public defender. (Dkt. No. 14; *see* Dkt. No. 13.)[1] Before the Court are Plaintiff's motion to compel discovery responses from City of Napa and Napa County officials, (Dkt. No. 35); Plaintiff's motion to compel discovery responses from City of Napa 911 Communications Manager Gus Ulloth, (Dkt. No. 40; *see* Dkt. Nos. 42, 48, 50, 52); Plaintiff's letter requesting issuance of subpoenas, (Dkt. No. 61); Plaintiff's motion for leave to amend, (Dkt. No. 44 at 23–25; *see* Dkt. No. 45); and Defendant's motion for judgment on the pleadings, (Dkt. No. 55; *see* Dkt. Nos. 56, 60, 62, 63, 64, 65). Having carefully considered the parties' submissions and reviewed the other filings on the docket, and with the benefit of a hearing on November 17, 2022, the Court GRANTS Defendant's motion for judgment on the pleadings, DENIES Plaintiff's discovery requests, and DENIES Plaintiff's motion for leave to amend.

## COMPLAINT ALLEGATIONS

Plaintiff was convicted of a crime in California in 2013.[2] Defendant is the chief public

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Defendant's request for judicial notice of Plaintiff's New Mexico and California criminal

defender for Napa County, who represented Plaintiff. Plaintiff alleges that Defendant knowingly refused to file a first appeal of Plaintiff's conviction on Plaintiff's request. He also alleges that Defendant improperly represented him in extradition hearings by refusing to send out Plaintiff's legal mail, which included letters to the Governor challenging his extradition. Defendant "knew [P]laintiff was suing the Jail for deliberate indifference to a serious medical need . . . and conspired with jail administrators to protect their 'county teammate' by attempting to thwart [Plaintiff's] mail service." (Dkt. No. 14 at 7 (emphasis omitted).) As a result, Plaintiff was extradited to New Mexico and incarcerated until a post-conviction motion to amend sentencing order was granted, in December 2014. Plaintiff alleges that, although he was guilty of committing the crimes that led to the extradition, he had already completed the full sentence for those crimes. Thus, his incarceration for nearly two years after being extradited to New Mexico was unlawful. (*See id.* at 8, 10–11.)

Plaintiff filed suit in July 2021. The operative Second Amended Complaint names Defendant in his official capacity under 42 U.S.C. § 1983 and alleges deprivation of Plaintiff's constitutional rights. He identifies claims for ineffective assistance of counsel; equal protection and due process under the Fourteenth Amendment; and "legal malpractice leading to double jeopardy." (*Id.* at 4, 7, 10–11.) Plaintiff requests relief in the form of a ruling that he had a right to have his first appeal filed, and a ruling that Defendant should have preserved Plaintiff's right to contact the Governor. (*Id.* at 5, 11.) The Second Amended Complaint does not seek monetary relief or damages. (*See* Dkt. No. 10.)

**DISCUSSION**

**I.     Defendant's Motion for Judgment on the Pleadings**

"Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled

---

records, (Dkt. No. 56), is GRANTED. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (cleaned up)). The records indicate Plaintiff was charged on December 4, 2013 and sentenced on March 25, 2014. (Dkt. Nos. 56-2, 56-5.)

to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (cleaned up); *see* Fed. R. Civ. P. 12(c). Like a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a motion under Rule 12(c) challenges the legal sufficiency of the claims asserted in the complaint. *Chavez*, 683 F.3d at 1108.

Plaintiff's claims are legally insufficient because they are barred by the statutes of limitations.[3] *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations [in the complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

### A. Section 1983

Plaintiff's Section 1983 claims have a two-year statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."); *see* Cal. Civ. Proc. Code § 335.1 (setting two-year statute of limitations for personal injury actions). The claims accrued when Plaintiff "kn[ew] or ha[d] reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (cleaned up). The bases for Plaintiff's Section 1983 claims are ineffective assistance of counsel, violation of equal protection, and violation of due process. The latest relevant date alleged in Plaintiff's complaint is December 2014, when he was released from incarceration in New Mexico after being wrongfully extradited there.

***Tolling by Disability of Imprisonment.*** California law tolls the statute of limitations for up to two years if the plaintiff is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court" at the time his claim accrues. Cal. Civ. Proc. Code § 352.1(a). But Plaintiff was imprisoned at the latest in December 2014, and tolling on that basis ended when he was released from physical custody. *See Boag v. Chief of Police, City of Portland*, 669 F.2d 587,

---

[3] Defendant's objection to Plaintiff's supplemental opposition, (Dkt. No. 64), is DENIED in the Court's discretion. The Court read and considered Plaintiff's supplemental opposition. (Dkt. No. 63.)

3

589 (9th Cir. 1982) (per curiam).

***Equitable Tolling.***  California law also equitably tolls the statute of limitations "as necessary to ensure fundamental practicality and fairness."  *Blanas*, 393 F.3d at 928 (cleaned up).  To decide whether to apply equitable tolling, courts balance "injustice to the plaintiff" against the "public policy interest in ensuring prompt resolution of legal claims."  *Id.* (cleaned up).  Plaintiff has not identified any particular injustice that would outweigh the public policy interest on the other side.  *Cf. id.* at 928–30 (applying equitable tolling where plaintiff had been continuously detained since claim accrued and had "acted in good faith to pursue his claims").

***Continuing Violation.***  Finally, the "continuing violation theory . . . allow[s] a plaintiff to seek relief for events outside of the limitations period" if he sufficiently alleges that multiple "acts are related closely enough to constitute a continuing violation, and that one or more of the acts falls within the limitations period."  *Knox*, 260 F.3d at 1013 (cleaned up).  Plaintiff alleges that Napa officials have continued to harass him in the years since 2014, although he does not allege specific dates; these allegations are not related closely enough to Defendant's representation of Plaintiff, Plaintiff's extradition, or Plaintiff's incarceration in New Mexico to constitute a continuing violation.  To the extent the complaint can be read to allege "continuing *impact* from past violations," that impact does not create a continuing violation.  *Id.* (cleaned up).

\* \* \*

Thus, drawing all reasonable inferences from Plaintiff's filings in his favor, Plaintiff's Section 1983 claims accrued at the latest in December 2014 and were filed more than six years later, after the statute of limitations had run.

### B. Legal Malpractice

Plaintiff's legal malpractice claim also has a two-year statute of limitations.  *See* Cal. Civ. Proc. Code § 340.6(a) (setting two-year statute of limitations for legal malpractice actions "[i]f the plaintiff is required to establish his or her factual innocence for an underlying criminal charge as an element of his or her claim"); *see also Coscia v. McKenna & Cuneo*, 25 P.3d 670, 673 (Cal. 2001) (requiring plaintiff with a criminal legal malpractice claim to establish actual innocence).  As with his other claims, the latest relevant date alleged in Plaintiff's complaint is December

2014, when he was released from incarceration in New Mexico after being wrongfully extradited there. Even assuming that Plaintiff's release was "postconviction exoneration in the form of a final judicial disposition of the criminal case," Cal. Civ. Proc. Code § 340.6(a), and established his actual innocence, then his claim accrued at the latest in December 2014 and was filed more than six years later, after the statute of limitations had run.

\* \* \*

Plaintiff's claims have two-year statutes of limitations but were filed more than six years after they accrued. Accordingly, they are legally insufficient and Defendant's motion for judgment on the pleadings is GRANTED. *See Bock*, 549 U.S. at 215; *Chavez*, 683 F.3d at 1108. Leave to amend is denied as futile as there are no facts Plaintiff could plead in good faith to avoid the statute of limitations bar.

## II.  Plaintiff's Discovery Requests

Because the Court grants Defendant's motion for judgment on the pleadings, it DENIES Plaintiff's motions to compel and letter requesting issuance of subpoenas as moot. (Dkt. Nos. 35, 40, 61.) As explained above, Defendant is entitled to judgment on the pleadings because Plaintiff's claims fail as a matter of law; therefore, it does not matter what the requested discovery would show.

## III.  Plaintiff's Motion for Leave to Amend

Plaintiff's motion for leave to amend, (Dkt. No. 44 at 23-25), is governed by Rule 16 because it was filed after the deadline to move to amend had passed, (*see* Dkt. No. 28 (June 23, 2022 deadline)). "[A] party seeking to amend . . . after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15 . . . ." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (cleaned up); *see In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

Plaintiff's claims related to Defendant's representation of Plaintiff, Plaintiff's extradition, and Plaintiff's incarceration in New Mexico are barred by the statutes of limitations. The new evidence Plaintiff seeks to add to the complaint does not alter this outcome. Thus, amendment

5

would be futile and Plaintiff's motion is DENIED. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Sackett v. Beaman*, 399 F.2d 884, 892 (9th Cir. 1968).

The Court also denies leave to amend to add unspecified claims related to an action before Magistrate Judge Spero. Plaintiff has not shown any cause for raising such claims in this action; indeed, none of the claims appear to have anything to do with the defendant in this lawsuit. Similarly, his request to make unspecified claims against unidentified Napa officials is denied. This lawsuit was allowed to proceed on two claims only, *see* 28 U.S.C. § 1915, and those two claims are time barred.

## CONCLUSION

Defendant's motion for judgment on the pleadings is GRANTED. (Dkt. No. 55.) Plaintiff's discovery requests are DENIED. (Dkt. Nos. 35, 40, 61.) Plaintiff's motion for leave to amend is DENIED. (Dkt. No. 44 at 23–25.) Separate judgment will be entered.

This Order disposes of Docket Nos. 35, 55.

**IT IS SO ORDERED.**

Dated: November 17, 2022

JACQUELINE SCOTT CORLEY
United States District Judge