UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEZAKIA ROUSE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RONALD HAYES ABERNATHY,<br><br>　　　　Defendant. | Case No. 21-cv-05708-JSC<br><br>**ORDER RE: MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**<br><br>Re: Dkt. No. 70 |

Plaintiff's Second Amended Complaint brought claims for deprivation of constitutional rights under 42 U.S.C. § 1983 and legal malpractice under California law. Because Plaintiff filed his lawsuit more than six years after the claims accrued, the Court concluded both claims were barred by the two-year statutes of limitations and granted Defendant's motion for judgment on the pleadings. (Dkt. No. 68.)[1] The Court entered judgment in favor of Defendant on November 17, 2022. (Dkt. No. 69.) Now before the Court is Plaintiff's motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). (Dkt. No. 70; *see* Dkt. Nos. 71, 72.) Having carefully considered the briefing, the Court concludes that a hearing is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motion.

Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic),

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff makes several arguments related to the merits of the motion for judgment on the pleadings. Disagreement with the Court's conclusion is not a basis for relief from the judgment or order. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A [Rule 60(b) motion] is not a vehicle to reargue the motion . . . . A party seeking reconsideration must show more than a disagreement with the Court's decision . . . . To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." (cleaned up)).

Plaintiff asserts fraudulent concealment, but he does not explain how any withheld evidence rises to the level of fraud or explain particular instances of concealment that prevented him from knowing his claims had accrued. *See United States v. Est. of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) ("Mere nondisclosure of evidence is typically not enough to constitute fraud on the court, and perjury by a party or witness, by itself, is not normally fraud on the court." (cleaned up)). Similarly, while the Court understands that Plaintiff may be struggling with mental health issues, he does not explain how those circumstances would properly toll the statutes of limitations for four years. Finally, Plaintiff has not shown any other "extraordinary circumstances justifying the reopening of a final judgment." *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443–44 (9th Cir. 2019) (cleaned up).

## CONCLUSION

Plaintiff's Rule 60(b) motion is DENIED. This Order disposes of Docket No. 70.

**IT IS SO ORDERED.**

Dated: January 11, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

2